MADDOX, Justice
(concurring specially).
Because the minor child in this case will be the distributee of any award made in the action for the wrongful death of his mother, the testator, I concur in the result reached, because Code 1975, § 26-2-23, does provide that a testator may appoint a guardian, even if the minor child already has a guardian, and the surviving parent has only the right to “the custody of the person of the ward.”
This Code provision has been the law for several decades, but this is the first time that the effect of its application is so apparent. Like the trial court, I did question whether the legislature intended to deprive the surviving parent of the right to have a preference in being appointed as a guardian of the person and estate of a minor child but the statutory language cannot be read otherwise. As the statute presently reads, the following result could happen. Assume a father transfers an estate to his minor child, and then is appointed guardian of the minor’s estate. Assume that the mother and father are still married, and the mother dies testate, leaving only a small estate to her minor child, and in her will she appoints someone other than her husband as the guardian of the minor’s property. Under the present holding, the person named in her will would be entitled to be appointed and the husband would be required to “make a final settlement.”
Because there is some room for concluding, as the trial court did, that these statutes are in conflict, the legislature may desire, in view of the result reached here, to amend the law to make it clearer.